**AFFIRMED; Opinion Filed November 5, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01432-CR

### ADRIAN RAMIREZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 2
### Dallas County, Texas
### Trial Court Cause No. F-1200745-I

## MEMORANDUM OPINION
Before Justices Lang, Evans, and Whitehill
Opinion by Justice Evans

Appellant Adrian Ramirez appeals from the judgment adjudicating him guilty of family violence assault. Appellant asserts that he was denied effective assistance of counsel when a witness was allowed to testify, without objection, about the assault on the complainant. Rejecting appellant's arguments, we affirm the trial court's judgment.

### BACKGROUND

On August 24, 2012, the court held a plea bargain agreement hearing regarding appellant's offense of family violence assault. The plea bargain agreement proposed a deferred adjudication of guilt and for appellant to be placed on community supervision for a period of two years and a fine of $2,500. Appellant then entered a plea of guilty to the State's indictment and

a plea of true to the enhancement paragraph. The court accepted the pleas and the terms of the agreement.[1]

While on deferred-adjudication probation, appellant was arrested for threatening his wife, and their children with a knife. On April 2, 2014, the State moved to revoke probation and proceed with an adjudication of guilt by alleging that appellant had violated conditions of his probation. The violations included assault with a deadly weapon, contact with the victim, failure to pay costs and fines, and failure to complete community service hours. The appellant pleaded not true and the State presented evidence at the hearing on June 30, 2014. Cynthia Zavala, a CPS investigator, testified that she was assigned to the case involving appellant and his wife when an allegation was made that their eight-year-old son had been hit. Zavala testified that appellant's wife called her after Zavala's initial visit and stated that she needed help because appellant had threatened her and her kids with a knife. Specifically, Zavala testified as follows:

> Ms. Gloria Ramirez called and said that she needed help because her husband had threatened her and the kids with a knife a couple of days prior to that. And I discussed this with my supervisor. We had to go to the home and kind of investigate that and see what had happened.

CPS contacted the police and appellant was arrested. Marshay Love, an employee of the Dallas County Community Supervision and Corrections Department, testified and verified that appellant had not made any of his required payments towards his court costs and fines and made only one payment towards his community supervision fees. Love also testified that appellant had failed to complete his 160 community service hours.

Following the hearing, the court found appellant guilty of the offense of assault/family violence and found the enhancement paragraph "true." The trial court granted the State's Motion

---

[1] During the plea bargain hearing, the trial court noted that appellant would be facing twenty-five years to life if he was convicted and the State proved that appellant had served two prior convictions.

to Adjudicate Guilt and sentenced appellant to ten years in prison. Appellant then filed this appeal.

ANALYSIS

In his sole issue, appellant contends that he was not afforded effective assistance of counsel because his trial court counsel did not object to the admission of Zavala's testimony about the assault. Specifically, appellant asserts that Zavala should not have been allowed to testify as to what appellant's wife told her about the alleged assault—that appellant had threatened her and the children with a knife a couple of days prior to her call to Zavala.

## A.    Standard of Review

Texas courts apply the two-pronged *Strickland* test to determine whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (U.S. 1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* two-prong test for criminal cases in Texas.). Under this two-part test, appellant must establish that: (1) counsel's performance was deficient and that his assistance fell below an objective standard of reasonableness; and (2) but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687. Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). In order to satisfy the first prong, appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson  v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Further, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To prove the second prong, appellant must show that there is a reasonable probability, or a

probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Lopez*, 343 S.W.3d at 142.

We ordinarily will not declare trial counsel ineffective where there is no record showing counsel had an opportunity to explain himself. *See Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Without evidence of the strategy employed, we will presume sound trial strategy. *See Rylander v. State,* 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Texas procedure makes it "virtually impossible" for appellate counsel to present an adequate ineffective assistance of trial counsel claim on direct review. *Trevino v. Thaler,* 133 S. Ct. 1911, 1918 (2013). This is because the inherent nature of most ineffective assistance of trial counsel claims means that the trial court record "will often fail to 'contai[n] the information necessary to substantiate' the claim." *Id.* (quoting *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).

**B.     Analysis**

Appellant contends that he failed to receive effective assistance of counsel because his attorney did not object when Zavala testified about what appellant's wife told her regarding the assault. Appellant argues that trial counsel should have made a hearsay objection to disallow the testimony. This argument is unpersuasive for several reasons.

First, the record is completely silent as to why trial counsel failed to object to the State's questioning of Zavala. As the court of criminal appeals has previously held, "[a]n appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the result of negligent conduct." *Thompson*, 9 S.W.3d at 814. Thus, we cannot conclude that appellant has rebutted the strong presumption that this

was a reasonable decision. *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) ("Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.") (internal citations omitted).

Further, even if we did hold that trial counsel's assistance fell below an objective standard of reasonableness, appellant has not demonstrated that, but for counsel's unprofessional error, the result of the proceeding would have been different. Appellant argues that the trial court found two allegations "true"—that appellant assaulted his wife and had impermissible contact with her—and that these findings stem from Zavala's testimony. Appellant argues that he would not have received a ten-year sentence had the trial court sustained a hearsay objection. We disagree. In its motion, the State asserted that appellant violated the following conditions:

> (a) ADRIAN RAMIREZ did violate condition (a) by violating the laws of the State of Texas in that on or about 03/26/2014 in Dallas County, Texas, he did commit the offense of Aggravated Assault with a Deadly Weapon.
> (h) ADRIAN RAMIREZ did violate condition (h) in that he did not pay Court Costs and Fines as ordered by the court and is currently delinquent $2,744.00.
> (j) ADRIAN RAMIREZ did violate condition (J) in that he did not pay community supervision fees as directed and is currently delinquent $1,140.00.
> (k) ADRIAN RAMIREZ did violate condition (k) in that he did not pay the Crime Stoppers payment as ordered by the court and is currently delinquent $50.00.
> (I) ADRIAN RAMIREZ did violate condition (l) in that he did not complete Community Service hours as directed.
> (s) ADRIAN RAMIREZ did violate condition (s) in that he did have contact with victim Gloria Hernandez Ramirez.

The trial court did not limit its consideration of appellant's probation violations to only two of the conditions. To the contrary, the trial court held in the judgment that appellant "violated the terms and conditions of community supervision as set out in the State's Motion to Adjudicate Guilt." Thus, the trial court held that the appellant violated all six of the conditions alleged by the State. The trial court also considered evidence of appellant's former convictions of aggravated assault/family violence/deadly weapon and assault/bodily injury/family violence and

the fact that appellant was on probation for assault/family violence when it was revoked. Considering the entirety of this evidence, it is entirely possible that appellant could have been sentenced to ten years' imprisonment without consideration of the hearsay testimony. As such, appellant has failed to demonstrate that but for counsel's unprofessional error the result of the proceeding would have been different and we overrule appellant's sole issue.

## CONCLUSION

We resolve appellant's issue against him and affirm the trial court's judgment.


/ David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
141432F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN RAMIREZ, Appellant

No. 05-14-01432-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-1200745-I.
Opinion delivered by Justice Evans.
Justices Lang and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of November, 2015.